351 So.2d 24 (1977)
Morris W. MILTON, Charles Shorter, S. Curtis Kiser, Lorraine Quinn and Pamela A. Meacomes, Petitioners,
v.
Bruce M. SMATHERS, As Secretary of State of Florida, and Charles J. Kaniss, As Supervisor of Elections of Pinellas County, Florida, Respondents.
No. 51041.
Supreme Court of Florida.
June 30, 1977.
*25 Peter M. Dunbar of Dunbar, Dunbar & Roman, New Port Richey, S. Curtis Kiser of Kurland, Johnson & Kiser, Clearwater, and Morris W. Milton, St. Petersburg, for petitioners.
Robert L. Shevin, Atty. Gen., James D. Whisenand, Deputy Atty. Gen., Thomas McLin Beason, Asst. Atty. Gen., and Thomas C. Schiereck, Asst. County Atty., for respondents.
Dennis J. Wall, for amicus curiae.
KARL, Justice.
In an original proceeding, we have a two count petition for supplementary relief and for appointment of a commissioner. The first count, in which petitioners are Morris Milton and Charles Shorter, challenges the constitutional validity of Senate Joint Resolution 1305 as it applied to petitioners in multi-member House District 57-61 on its effective date. Count two of the petition, in which Morris Milton, Charles Shorter, Curtis Kiser, Lorraine Quinn and Pamela Meacomes are petitioners, makes a general attack as to the constitutionality of the total multi-districting scheme in Florida.
This Court has already decided count two against the petitioners in In re Apportionment Law Appearing as Senate Joint Resolution 1305, 1972 Regular Session, 263 So.2d 797 (Fla. 1972),[1] and we decline to reconsider our position therein.
Count one of this petition does state sufficient allegations to come within the retained jurisdiction of this Court as set out in In re Apportionment Law, S.J.R. 1305, supra, and explained by this Court in Cardenas et al. v. Smathers, 351 So.2d 21 (Fla. 1977).
This matter raised in count one requires appointment of a commissioner for factual findings and recommendation.
The commissioner shall forthwith conduct a prehearing conference for the purpose of establishing procedural guidelines for the *26 proceedings contemplated hereunder. These proposed guidelines should then be submitted to this Court for approval before further hearings are held.
Accordingly, count two is dismissed and the Court, by separate order, will appoint a Commissioner to proceed as to count one.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND and SUNDBERG, JJ., concur.
HATCHETT, J., concurs in part, dissents in part with an opinion, with which ADKINS, J., concurs.
HATCHETT, Justice, concurring in part, dissenting in part.
I dissent from that portion of the majority opinion that holds that count two "has already [been] ... decided against the petitioners." The petitioners have alleged that the multi-member district plan of 1972, in application, is unconstitutional. This issue has not been decided. All that has been heretofore decided is that facially multi-member districts are constitutional. An apportionment plan must be subject to attack as to its continuing constitutionality, as applied, between the constitutionally required extraordinary apportionment sessions.
I would direct the commissioner to take evidence on both counts one and two.
ADKINS, J., concurs.
NOTES
[1] "We, therefore, hold that variable multi-member districts are not per se invalid under the Florida Constitution. It might well be that, designedly or otherwise, a multi-member constituency scheme, under the circumstances of a particular case, would operate to minimize or cancel out the voting strength of racial or political elements of the voting population. When this is demonstrated, we will consider whether the apportionment plan still passes constitutional muster."

"In other words, the apportionment plan as framed may be constitutional on its face, but upon its application in a particular case the joint resolution may violate organic law. This is in accord with our holdings that a statute may be valid as applied to one state of facts, though invalid as applied to another state of facts. See 4 F.L.P., Constitutional Law, § 10, p. 253, and authorities cited."